IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN LAMONT BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUPERINTENDENT RAYMOND ) <br> J. SOBINA, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 08-128E <br><br> Judge McLaughlin <br> Magistrate Judge Caiazza |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motions for a Temporary Restraining Order (Docs. 11 and 14) be denied.

### II. REPORT

The Plaintiff, Shawn Lamont Brown ("Brown" or "the Plaintiff"), is a state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. §1983. Brown asserts that a corrections officer threw his food tray around his cell and then slammed Brown's finger tip in the food tray slot of his cell door on October 1, 2007. Brown also alleges that he was denied medical treatment for the injury, and that false misconduct reports were filed against him for an alleged assault arising from the incident.

The Plaintiff has filed two Motions for Temporary Restraining Orders (Docs. 11 and 14). In the first, he asserts

that his "breakfast, lunch and dinner trays" have been "sabotaged." As examples, he states that he has been served oil instead of syrup on his tray, that he has been given sour milk, spoiled vegetables or "wet bread" soaked in some unknown "moister" [sic] (Doc. 11). He seeks an order directing that the Defendants in this case be restrained from retaliating against him, including "no more spitting tobacco in, on, or around my food." (Doc. 11, p. 2).

Brown filed a second motion on June 9, 2008, and asserts that he mailed out a "full set" of service papers, including copies of the Complaint in this case but that the mail was destroyed by mail room employees (Doc. 14). He also asserts that he has "often" been given sour milk on his food tray, and again repeats that he was "once" given oil instead of syrup on a food tray. It is further alleged that Brown was ordered to double-cell with a known violent offender, but that he avoided this by volunteering to "got to the psych. observation cell" (Doc. 14, p. 2).

In determining whether a preliminary injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether

granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F. Supp. 445 (E. D. Pa.1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted).

With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992)(internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000)(harm may not be speculative).

Here, Brown has provided no evidence which would support a finding that he is in danger of immediate harm. First, the allegation of interference with his mail does not, in any way, threaten him with irreparable harm. In fact, the Court has granted Brown's motion seeking an extension of time to file

service documents (Doc. 15). Further, the allegations relating to the sour milk and the other complaints with his food are, even in Brown's allegations, sporadic incidents. While such treatment is improper, it does not rise to the level of immediate, irreparable harm. Parenthetically, not having syrup on one occasion requires no comment by the Court. Finally, the allegation that Brown was told to cell with someone he considered dangerous facially alleges possible harm. Brown himself, however, concedes he was able to avoid danger by "volunteer[ing] to go to the Psych observation cell." (Doc 14, p. 2).

### III. **CONCLUSION**

It is recommended that the Plaintiff's Motions for a Temporary Restraining Order (Docs. 11 and 14) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 27, 2008.

                                                 s/ Francis X. Caiazza
                                                 Francis X. Caiazza
                                                 United States Magistrate Judge

June 11, 2008

cc:
SHAWN LAMONT BROWN
GH-3325
SCI FOREST
BOX 945
MARIENVILLE, PA 16239

4