IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN LAMONT BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-128E |
| | ) | |
| v. | ) | Judge McLaughlin |
| | ) | Magistrate Judge Caiazza |
| SUPERINTENDENT RAYMOND J. SOBINA, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

It is respectfully recommended that Plaintiff's Amended Motion for a Temporary Restraining Order (Doc. 21) be denied.

### II. **REPORT**

Plaintiff, Shawn Lamont Brown ("Brown" or "Plaintiff"), is a state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. §1983. Brown asserts that a corrections officer threw his food tray around his cell and then slammed Brown's finger tip in the food tray slot of his cell door on October 1, 2007. Brown also alleges that he was denied medical treatment for the injury, and that false misconduct reports were filed against him for an alleged assault arising from the incident.

By way of background, Plaintiff had previously filed two Motions for Temporary Restraining Orders (Docs. 11 and 14) in which he alleged that his "breakfast, lunch and dinner trays" had been "sabotaged," and that outgoing legal mail was destroyed by mail room employees at the prison (Docs. 11 and 14). He further alleged that he was ordered to double-cell

with a known violent offender, but that he avoided this by volunteering to "go ??? to the psych. observation cell" (Doc. 14, p. 2). The prior motions were denied on the basis that Brown failed to allege a likelihood of "immediate irreparable harm." (Doc. 19).

Brown again moves for a temporary restraining order (Doc. 21) and alleges that he has been forced to double-cell with a dangerous inmate. More specifically, Brown alleges that his new cell mate brags how he has assaulted other inmates and corrections officers. Significantly, Brown does not allege the he has been harmed in any way.

In determining whether a preliminary injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F. Supp. 445 (E. D. Pa.1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted).

With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992)(internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000)(harm may not be speculative).

In this case, Brown's allegations of potential harm are entirely speculative, and preliminary injunctive relief is not warranted.

### III. CONCLUSION

It is recommended that the Plaintiff's Amended Motion for a Temporary Restraining Order (Doc. 21) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 29, 2008.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATE MAGISTRATE JUDGE

September 11, 2008

cc:
SHAWN LAMONT BROWN
GH-3325
SCI FOREST
BOX 945
MARIENVILLE, PA 16239