IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN LAMONT BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-128E |
| | ) | |
| v. | ) | Judge McLaughlin |
| | ) | Magistrate Judge Bissoon |
| SUPERINTENDENT RAYMOND J. SOBINA, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion for Injunction and Restraining Order (Doc. 69) be denied.

### II. **REPORT**

Plaintiff, Shawn Lamont Brown ("Brown" or "Plaintiff"), is a state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. §1983. Brown asserts that a corrections officer threw his food tray around his cell and then slammed his finger tip in the food tray slot of his cell door on October 1, 2007. Brown also alleges that he was denied medical treatment for the injury, and that false misconduct reports were filed against him for an alleged assault arising from the incident.

Plaintiff previously has filed three Motions for Temporary Restraining Orders (Docs. 11, 14 and 21) in which he alleged that his "breakfast, lunch and dinner trays" had been "sabotaged," and that outgoing legal mail was destroyed by mail room employees at the prison (Docs. 11 and 14). He further alleged that he was ordered to double-cell with a known violent offender (Docs.

14, 21). The prior motions were denied on the basis that Brown failed to allege a likelihood of "immediate irreparable harm." (Docs. 19 and 39).

Brown now seeks an "injunction and restraining order" (Doc. 69), alleging that a corrections officer moved some of his legal papers in his cell from the desk to the bed while he was not present. He also alleges that one officer, in particular, has "harassed" him by repeatedly asking him to clean up his cell, and by making him late for a medical appointment on another occasion. Brown seeks an order preventing any of the named Defendants in this case from entering his "abode" while he is not present, and directing that any "shake downs" or cell searches be videotaped (Id., p. 2).

In determining whether a preliminary injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F. Supp. 445 (E. D. Pa.1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted).

With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v.

Conagra, 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000)(harm may not be speculative).

In this case, Brown's has failed to allege any immediate, irreparable harm. At most, Brown suggests that he may be prejudiced in this litigation if Defendants are permitted access to his jail cell when he is not present. Such potential harm is entirely speculative and preliminary injunctive relief is not warranted.

### III. CONCLUSION

It is recommended that Plaintiff's Motion for Injunction and Restraining Order (Doc. 69) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by August 7, 2009.

        s/Cathy Bissoon
        CATHY BISSOON
        UNITED STATE MAGISTRATE JUDGE

July 21, 2009

cc:
SHAWN LAMONT BROWN
GH-3325
SCI FOREST
BOX 945
MARIENVILLE, PA 16239